Warner *v.* Chappell.

———•◦•———

## WARNER *vs.* CHAPPELL.

Two negotiable promissory notes, for $500 each, made by P., were indorsed by C. for his accommodation, to be used to take up an equal amount of other paper previously made by P. and also indorsed by C. for P.'s accommodation. The notes were dishonored, at maturity, and a suit being brought thereon, against all the parties, by the Rochester City Bank, the then holder thereof, the plaintiff, at the request of P. and for his benefit solely, paid to the attorney of the bank the whole amount of the notes, and thereupon received the notes from the attorney, with an assurance from the latter that he, the attorney, had authority from the bank to make the transfer. *Held,*

Warner *v.* Chappell.

that the plaintiff obtained a valid title to the notes by the purchase and
transfer from the attorney of the bank, and could maintain an action there-
on, against C.

*Held also,* that under the circumstances, it would be presumed that the author-
ity to the attorney to transfer the notes was contained in a proper resolution
of the board of directors of the bank, for that purpose duly passed.

*Held further,* that if there were an omission on the part of the directors of
the bank to pass the requisite resolution to authorize the transfer, yet that
the plaintiff, being a purchaser for the full value of the notes, and having
paid the price, in cash, *without notice of such omission,* his title to the
notes would be protected by the last clause of the 8th section of the title of
the revised statutes which makes void all transfers of the property and
effects of a moneyed corporation, exceeding $1000, unless authorized by a
resolution of the board of directors.

A PPEAL from a judgment entered at a special term, upon
the report of a referee.

The action was brought by the holder of notes, against the
indorser, who indorsed them in blank before due. The notes
were made by J. F. Peck. The defendant claimed that he
indorsed them for the accommodation of the maker, who
paid, or procured them to be paid, for his benefit; and that
the plaintiff received the notes with full knowledge that they
had been paid by or on account of the maker. The following
facts were found by the referee: That the notes, each for
$500, the one dated the 25th of August, 1857, payable to
the order of Samuel Spencer, and payable at the Metropoli-
tan Bank, New York, seventy days after its date, and the
other payable to the order of said Spencer, at the same place,
sixty-three days after date, and dated the 1st of Septem-
ber, 1857, were made, indorsed by said Spencer and the
defendant, and that each of them was protested for non-pay-
ment, and the indorsers duly notified thereof, as in the com-
plaint was stated and set forth. That the proceeds of said
notes respectively were received by the defendant and applied
in payment of other notes made and indorsed by the same
parties, in the same manner. That the notes first mentioned
were discounted by the Rochester City Bank, and after the
protest aforesaid were placed by said bank in the hands of

Warner *v.* Chappell.

its attorney, by whom a suit thereon was commenced against all the parties thereto, on the 11th day of March, 1858, and the complaint and summons in said suit were served on the defendant on the 12th, and on Spencer and Peck on the 14th day of the same month last mentioned. That about the time of the commencement of said suit, the plaintiff was informed by Spencer and Peck that the defendant was indebted to Peck and ought to pay said notes, and had expressly agreed to pay them, when they were made; that if a friend to Spencer would purchase the notes and compel the defendant to pay them as he ought to do, when the latter sued for the money thus paid, he would be compelled to comply with his agreement. That the plaintiff, confiding in the representations thus made to him, applied to the attorney of said bank, and offered to purchase said notes, and the latter, after (as he stated as a witness in this cause) having obtained the authority of the bank, agreed to sell said notes to the plaintiff for the amount due upon them, for principal and interest, and costs of protesting the same. That it was expressly stipulated that the plaintiff was to have by said purchase all the title and interest of said bank in the notes. That in pursuance of said agreement, the amount above mentioned was paid to said attorney for the use of the bank, and the notes were then and there delivered to the agent of the plaintiff by the said attorney, he remarking, in answer to an inquiry of said agent, that no writing was necessary to vest the title to said notes in the plaintiff, as that would pass by their delivery. It was further proved that Peck at the same time paid the costs that had accrued in the bank suit, to said attorney. It was also proved that the plaintiff raised the money with which said notes were purchased, upon a joint note made for himself by the plaintiff and said Spencer, payable to the order of one Vary, whom the plaintiff procured to indorse it, and which was subsequently paid by the plaintiff. It was also proved that there was no agreement in writing, or otherwise, between Peck and Spencer, or either

of them, and the plaintiff, to indemnify or secure him in any way for his advance of money in the purchase of said notes; nor was there any evidence, except as above mentioned, of any resolution of the directors of the bank, authorizing the transfer and sale of the notes to the plaintiff. The referee found as a' conclusion of fact, from all the evidence, that the plaintiff purchased said notes in his own behalf, in good faith and for a full consideration. And as conclusions of law he found, 1. That the plaintiff acquired the title to said notes, subject only to the equities existing between the bank and the defendant at the time of the transfer. 2. That no resolution of the directors of said bank was necessary to give validity to the sale and transfer of the notes to the plaintiff for a full consideration, or if necessary, such resolution was, under the facts above stated, to be presumed. 3. That the plaintiff, as owner of said notes, had a right in this action to recover the amount thereof with interest from the time they respectively matured, with the costs of protest, of the defendant; that these items made an aggregate of one thousand ninety-eight dollars and ninety-three cents, at the date of the report, for which sum judgment was ordered to be entered.

*Geo. F. Danforth,* for the appellant.

*D. G. Shuart,* for the respondent.

*By the Court,* E. DARWIN SMITH, J. The referee, I think, decided this case correctly. The note, at the time of its transfer, was the property of the Rochester City Bank, and was past due and in suit. Chappell had no defense to it in the hands of the bank. But if he had, the transfer was necessarily subject to all his equities, and the defense might have been made in this suit. If the purchase of this note by the plaintiff was made with the funds of Peck, the note should be deemed paid, as Peck was the principal debtor and the

Warner *v.* Chappell.

defendant an accommodation indorser for him. But this defense is clearly not established. The plaintiff swears that after several renewals and shifts he paid the note from the original discount of which the money was obtained which was paid for the purchase of the note. There is no evidence that tends to establish that the money paid to Montgomery on the purchase of the note belonged to Peck. The money was obtained by the discount of a note made by the plaintiff and Spencer and indorsed by one Vary. Peck's name was not on the note. The arrangement for the purchase of the note was made at his instance and request, and by his procurement, but nothing more is made out by the evidence on this point than that the plaintiff was his friend, and was willing to do him a favor by purchasing this note and stopping the suit against Peck and Spencer. This transaction was not unlawful, though it appears unfriendly towards the defendant, who was a mere accommodation indorser for Peck. But the equities between these parties are not before us. All that we can pass upon is the question whether the note remains valid in the hands of the plaintiff. I think the referee rightly decided this question of fact, that the purchase by the plaintiff was not a payment by Peck. The only question that remains is whether the plaintiff acquired a valid title to the notes by the purchase of the same of Montgomery and the transfer thereof by him. I think there can be no doubt on this point, upon the evidence of Montgomery. He swears, without objection or exception that the evidence was by parol, that he got authority from the bank to make the transfer.

It must be presumed, under this testimony, if necessary, that such authority was contained in a proper resolution of the board of directors of the bank for that purpose duly passed. But if this be not so, and the transfer of these notes would otherwise be within the restriction of § 8 of art. 1st, title 2d, chap. 18 of the first part of the revised statutes, making void all transfers of the property and effects of a

moneyed corporation exceeding $1000, not authorized by a resolution of the board of directors of such bank, the last clause of the section, declaring that the said section shall not be construed to render void any conveyance, assignment or transfer in the hands of a purchaser for a valuable consideration and without notice, will protect the plaintiff's title to the notes.     The plaintiff was a purchaser for the full value of the notes, and paid the price in cash, without notice of the omission of the bank to pass the requisite resolution to authorize such transfer.     This portion of the section has been construed to mean that if the transferee or assignee, in such a case, had no notice of the want of authority of the officers of the corporation to make the transfer in question, (1 *Selden*, 356 ; 15 *N. Y. Rep.* 191, 192 ; 3 *Comst.* 290,) he was within the protection of this clause of the section.     In the case of *Curtiss and others* v. *Leavitt*, (15 *N. Y. Rep.* 192,) Judge Paige says : "If the purchaser shows that he paid value for the property, and if there is no proof that he had any notice of the omission of the directors to pass a previous resolution, his conveyance will not be invalid.     He can repose upon affirmative proof of a valuable consideration and the want of proof of notice.     The obligation rests upon the party asserting his conveyance, to prove affirmatively that he had actual notice, or what is equivalent thereto, that there had been no previous resolution to authorize the execution of the conveyance."     It seems to me quite clear that this case, in respect to the transfer of this note for cash and for the full value, is not within the policy, spirit and intent of the statute, independently of these authorities.     The note is negotiable, and title to it passed by delivery.     I do not see, therefore, why the plaintiff did not acquire a lawful title to the note, nor why he is not entitled to maintain this action.     The judgment therefore, I think, should be affirmed.

Judgment affirmed.

[MONROE GENERAL TERM, September 3, 1860. *Smith, Johnson* and *Knox*, Justices.]